**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>     Plaintiff,<br><br>     v.<br><br>1-800 FLOWERS.COM, INC.,<br><br>     Nominal Defendant,<br><br>     and<br><br>PLP FUNDS MASTER FUND, LP,<br>and PLEASANT LAKE ONSHORE GP LLC,<br><br>     Defendants. | No. \_\_\_\_\_26-cv-6211_____<br>(ECF Case)<br><br><br>**COMPLAINT FOR**<br>**RECOVERY OF**<br>**SHORT-SWING PROFITS**<br>**UNDER 15 U.S.C. § 78p(b)**<br><br><br>**JURY TRIAL DEMANDED** |

**DENNIS J. DONOGHUE**, by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to ¶3, which Plaintiff alleges on personal knowledge:

**JURISDICTION AND VENUE**

1.      This action arises under the provisions of §16(b) of the Securities Exchange Act of 1934, *as amended* (the "Act"), 15 U.S.C. §78p(b). Jurisdiction is conferred upon this Court and venue is proper in this District under §27 of the Act, 15 U.S.C. §78aa.

2.      At all times relevant the common stock of Nominal Defendant 1-800 FLOWERS.COM was registered under §12(b) of the Act, 15 U.S.C. §78*l*, and its shares were and are traded on the NASDAQ Stock Market, a National Securities Exchange located within this

1

District. The transactions giving rise to the short-swing trading claim alleged herein were executed on that Exchange and within this District.

3.      Plaintiff is a resident of this District. Nominal Defendant 1-800-FLOWERS.COM has a substantial business presence and does substantial business within this District.

## THE PARTIES

4.      Plaintiff resides in Westchester County, New York, and is a security owner of 1-800 FLOWERS.COM, INC. ("1-800 FLOWERS").

5.      1-800-FLOWERS is a Delaware corporation and online flower delivery service with principal offices at 2 Jericho Plaza - Suite 200, Jericho, New York 11753.This action is brought in the right and for the benefit of 1-800 FLOWERS, which is named as a Nominal Defendant solely to have all necessary parties before the Court.

6.      Defendant PLP FUNDS MASTER FUND, LP (the "MASTER FUND") is a private fund organized under the laws of the Cayman Islands with a business address at: 100 Carr 115 - Unit 1900, Rincon, Puerto Rico 00677.

7.      The MASTER FUND previously invested in 1-800-FLOWERS through Pleasant Lake Onshore Feeder Fund, LP (the "Feeder Fund"), a Delaware limited partnership.

8.      Defendant PLEASANT LAKE ONSHORE GP LLC ("ONSHORE GP") is a Delaware entity, and the general partner of the MASTER FUND and of the Feeder Fund.

9.      At all times relevant, Defendants were more-than-10% "beneficial owner" of 1-800 FLOWERS and subject to §16(a) reporting requirements and §16(b) short swing trading restrictions.

2

10.     At all times relevant, Defendants were each non-exempt persons with a non-exempt "pecuniary interest" in the shares traded in the transactions underlying the §16(b) violations alleged herein.

11.     Pleasant Lake Partners, LLC (or "PLP"), a Delaware entity and Registered Investment Advisor (or "RIA") is the investment advisor to the MASTER FUND and the Feeder Fund. Fund 1 Investments, LLC, also a Delaware entity, is the managing partner of the RIA. The RIA (Pleasant Lake Partners) and its managing partner (Fund 1 Investments) are under common control with the Defendants and maintain the same principal place of business in Puerto Rico as the Defendants.

## PRIOR DEMANDS AND ACTIONS

### A.  Prior Demand and S.D.N.Y. Lawsuit re: Short Swing Trading Claim 1

### (Trades from November 2024 through April 2025)

12.     Plaintiff's initial demand regarding the violations identified under Short Swing Trading Claim 1 was sent on or about February 5, 2025. Plaintiff received no response to that demand and filed suit in this District on April 9, 2025, in a case captioned *Donoghue v. 1-800-Flowers.com,* and *Fund 1 Investments,* LLC, No. 25-cv-2945 (RA) (S.D.N.Y.) That lawsuit named Fund 1 Investments, LLC, as Defendant, which Plaintiff at that time believed to be the direct owner of the shares.

13.     Counsel for Fund 1 Investments, LLC responded to the lawsuit by letter to Plaintiff's counsel dated April 21, 2025. (Appended at Ex. 1.) The letter advised Plaintiff that Fund 1 investments was the managing partner of an RIA, Pleasant Lake Partners, which reported "beneficial ownership" of shares held by "investment vehicles" over which the RIA exercised

investment control as defined under §13(d) of the Act and for purposes of SEC Form 4 reporting requirements under §16(a) of the Act. Counsel for Fund 1 further stated that any "pecuniary interest" held in the shares by the RIA or Fund 1 was in the form of an exempt performance fee paid by the "investment vehicles."

14.     The letter from counsel for Fund 1 Investments, LLC, identified one of the "investment vehicles" managed by the RIA that engaged in the trading underlying Short Swing Trading Claim 1 as the Feeder Fund. The letter further stated that the Feeder Fund and unspecified additional investment vehicles under the RIA's management were the beneficial owners of an aggregate of approximately 20% of the outstanding shares of 1-800-FLOWERS.

15.     In this action, Plaintiff alleges that the named Defendants, the MASTER FUND and ONSHORE GP, were each individual non-exempt "beneficial owners" of more than 10% of outstanding shares of 1-800-FLOWERS, including any shares that were or are held by the Feeder Fund, which are also included within the beneficial ownership and non-exempt pecuniary interest of both Defendants. Plaintiff further alleges that the MASTER FUND is among (or perhaps the only other of) the "investment vehicles" referred to in Fund 1 Investment's response to Plaintiff's previous lawsuit in this District and identified as "including" the Feeder Fund.

16.     On May 8, 2025, Plaintiff voluntarily dismissed the prior action filed in this District based on Short Swing Trading Claim 1 without prejudice, prior to the filing of an answer or motion for summary judgment under F.R.C.P. 41(a)(1)(A)(i). (S.D.N.Y. Case No. 25-cv-2945, at Dkt. 6.)

17.     This action is filed within 2 years of the violations identified in Short Swing Trading Claim 1 and alleged in the prior lawsuit filed in this District.

**B. Prior Demand and E.D.N.Y. Lawsuit re: Short Swing Trading Claim 2**

**(Trades from June 2025 through April 2026)**

18.    Plaintiff's counsel sent a demand regarding the violations identified in connection with the sale alleged at Short Swing Trading Claim 2 to 1-800 FLOWERS on or about October 24, 2025. Following receipt of a response from counsel from 1-800-FLOWERS on November 4, 2025, which declined to pursue the claim, Plaintiff filed suit in the Eastern District of New York, where 1-800-FLOWERS is headquartered on Long Island, on November 17, 2025, in a case captioned *Donoghue v. 1-800-Flowers.com,* and *Pleasant Lake Partners LLC, PLP Master Fund LP,* and *Fund 1 Investments, LLC,* No. 25-cv-6370 (E.D.N.Y.)

19.    Defendants responded to the E.D.N.Y. lawsuit by moving to dismiss or alternatively transfer venue to the District of Puerto Rico. Plaintiffs filed a voluntary notice of dismissal without prejudice of the E.D.N.Y. lawsuit pursuant to F.R.C.P. 41(a)(1)(A)(i).

20.    As discussed above, this action is filed against the MASTER FUND Defendant and its ONSHORE GP Defendant as non-exempt beneficial owners with a non-exempt pecuniary interest in the shares traded in the transactions alleged herein and does not seek to recover any profits realized by the RIA or its GP (Pleasant Lake Partners and Fund 1 Investments, respectively) in the form of exempt performance fees.

21.    This action is brought within two years of the violation described at Short Swing Trading Claim 2 and alleged in the prior E.D.N.Y. lawsuit.

**CLAIMS FOR RELIEF**

**A.      Short Swing Trading Claim 1:**

22.      On **November 4, 2024**, Defendants, through the Feeder Fund, **sold** a total of 40,000 shares of class A common shares of 1-800 FLOWERS, at a price of $7.80 per share. The sale was executed by the Feeder Fund at the direction of ONSHORE GP for the benefit of the Defendants.

23.      On January 2, 2025, between the dates of the sale and the matching purchases alleged at Short Swing Trading Claim 1, the Feeder Fund contributed all of its 1-800-FLOWERS securities to the MASTER FUND in a transaction reported to be exempt under SEC Rule 16a-13, as effecting "only a change in form of beneficial ownership" without changing the underlying "pecuniary interest" in securities of 1-800-FLOWERS held by the Defendants.

24.      Between January 10, 2025, and April 23, 2025, within less than six months of the sale described above, the MASTER FUND **purchased** a total of 4,345,743 shares of 1-800-FLOWERS Class A common stock, including the following lower-priced purchases:

- **4/21/25**:      5,000 shares purchased at $5.17 per share

- **4/16/25:**      20,000 shares purchased at $5.22 per share

- **4/17/25:**      74,500 shares purchased at $5.22 per share

25.      Applying the "lowest price in/highest price out" methodology prescribed under §16(b), Plaintiff estimates that profits realized by the Defendants from the purchases and sales above at approximately **$103,450.**

**B.      Short Swing Trading Claim 2:**

26.      On **October 22, 2025,** the MASTER FUND **sold** a total of 4,167,813 shares of 1-800-FLOWERS common stock, at the following prices:

- 200,000 shares sold at $6.30 per share

- 841,180 shares sold at $6.24 per share

- 1,159,139 shares sold at $6.17 per share

- 1,964,681 shares sold at $5.64 per share

27.      Between June 6, 2025, and Aprill 20, 2026, within less than six months of the sales of shares described above, the MASTER FUND **purchased** a total of 4,819,905 shares of 1-800-FLOWERS Class A common stock, including the following lower-priced purchases:

- **6/6/25**        16,320 shares purchased at $5.01 per share

- **6/6/25**        5,000 shares purchased at $5.08 per share

- **6/13/25**       40,000 shares purchased at $4.97 per share

- **6/23/25**       27,657 shares purchased at $5.02 per share

- **6/24/25**       19,920 shares purchased at $5.06 per share

28.      Applying the "lowest price in/highest price out" methodology prescribed under §16(b), Plaintiff estimates that profits realized by Defendants from the purchases and sales above at approximately **$140,454.**

7

**PROFITS REALIZED BY DEFENDANTS**

**(Short Swing Trading Claims 1 & 2)**

29.     Plaintiff estimates that a total of **$243,904** in short swing profits were realized by the Defendants from the trades identified herein. These profits belong to 1-800 FLOWERS and are recoverable by Plaintiff on its behalf and for its benefit, 1-800 FLOWERS having failed to do so on its own behalf.

30.     The MASTER FUND is directly liable to disgorge profits realized by the MASTER FUND from securities traded by the MASTER FUND (including any shares traded by or through the Feeder Fund for the purpose of contributing the shares and/or proceeds to the MASTER FUND).

31.     Additionally, Defendant ONSHORE GP, as the General Partner of the MASTER FUND and the Feeder Fund, is also jointly and severally liable for any portion of the profits allocated or accessible to the ONSHORE GP Defendant, to the extent not duplicative of profits disgorged directly by the MASTER FUND Defendant.

8

<u>**WHEREFORE, PLAINTIFF DEMANDS JUDGMENT:**</u>

a) Requiring Defendants to account for and to pay over to 1-800 FLOWERS all short-swing profits realized and retained by it in violation of §16(b) of the Act together with appropriate interest and the costs of this suit,

b) Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants and expert witness fee, and

c) Granting to Plaintiff such other or different and further relief as the Court may deem just and proper.

Dated: New York, New York
        July 22, 2026

Respectfully submitted,

*/s/ Miriam Tauber*                                              */s/ David Lopez*
_____          _____
Miriam Tauber (MT-1979)                              David Lopez (DL-6779)
MIRIAM TAUBER LAW PLLC                         LAW OFFICES OF DAVID LOPEZ
885 Park Ave. 2A                                          171 Edge of Woods Rd., P.O. Box 323
New York, NY 10075                                     Southampton, NY 11969-0323
323-790-4881 | MiriamTauberLaw@gmail.com          631.287.5520 | DavidLopezEsq@aol.com

*Attorneys for Plaintiff*

9